## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

———————————————————————

|   |   |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, | : |
| Plaintiff, | : |
|  | : |
| v. | :       CASE NO.: |
|  | : |
| THE CADILLAC LOUNGE, LLC, | : |
| Defendant. | : |

———————————————————————:

## COMPLAINT FOR DECLARATORY JUDGMENT

1.     Plaintiff FIRST MERCURY INSURANCE COMPANY, by and through undersigned counsel, files this Complaint for Declaratory Judgment against Defendant, THE CADILLAC LOUNGE, LLC, and alleges as follows:

## NATURE OF ACTION

2.     Plaintiff FIRST MERCURY INSURANCE COMPANY ("Plaintiff" or "FMIC") brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to obtain a declaration regarding FMIC's contractual obligations to defend and indemnify Defendant, THE CADILLAC LOUNGE, LLC ("Defendant" or "Cadillac Lounge") in connection with claims made against Cadillac Lounge by certain models in a lawsuit captioned *Tara Leigh Patrick a/k/a Carmen Electra, Denise Milani a/k/a Denise Trlica, Jaime Edmondson-Longoria, Jennifer Walcot a/k/a Jennifer Archuleta, Ina Schnitzer a/k/a Jordan Carver, Lucy Pinder, and Rosa Acosta v. The Cadillac Lounge, LLC and Nancy L. Shappy,* pending in the United States District Court for the District of Rhode Island, Case No. 1:19-cv-00494   (the "Underlying Action").

3.     While FMIC is defending Cadillac Lounge under reservation of rights, it is FMIC's position that the Material Published Prior to the Policy Period and/or Electronic Chatrooms or

Bulletin Boards exclusions in its policy preclude any duty to defend the Underlying Action. Because FMIC has no duty to defend Cadillac Lounge, it also has no duty to indemnify Cadillac Lounge for any potential judgment that may be entered against it in the Underlying Action.

4.      However, due to Cadillac Lounge's contrary assertions of coverage, there is a clear and actual, present, and bona fide controversy between the parties with respect to these issues and FMIC, therefore, seeks the Court's declarations of the parties' respective rights, duties, and obligations under its insurance policy.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between FMIC and Cadillac Lounge, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, fees and costs.

6.      FMIC is an insurance company organized and existing under the laws of the state of Delaware, with its main administrative office in Morristown, New Jersey and, for purposes of diversity jurisdiction, FMIC is a citizen of Delaware.

7.      At the time of the commencement of this action and at all times material hereto, Cadillac Lounge was and is a limited liability company formed under the laws of the state of Rhode Island.  *See* printout from Rhode Island Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "A."**

8.      Cadillac Lounge is owned by its sole member, Nancy L. Shappy, who is an individual domiciled in and a citizen of Rhode Island, and is therefore a citizen of Rhode Island for purposes of diversity jurisdiction.  *See* **Exh. A**.

9.      The United States District Court for the District of Rhode Island maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C § 2201(a), because this Complaint for Declaratory Judgment seeks the judicial declaration of the rights, statuses, and legal relations of and among the parties with regard to contracts of insurance and because an actual case or controversy of a justiciable nature exists among the parties.

10.     Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District, one or more parties reside, maintain registered offices and/or conduct business in this District, and the Underlying Action is pending in this District.

## GENERAL ALLEGATIONS

### A.      The Underlying Action

11.     On or about September 20, 2019, Tara Leigh Patrick a/k/a Carmen Electra, Denise Milani a/k/a Denise Trlica, Jaime Edmondson-Longoria, Jennifer Walcot a/k/a Jennifer Archuleta, Ina Schnitzer a/k/a Jordan Carver, Lucy Pinder, and Rosa Acosta ("Claimants") filed the Underlying Action, seeking a determination of liability and damages against Cadillac Lounge.

12.     The Complaint in the Underlying Action was initially filed against The Cadillac Lounge, LLC, and Nancy L. Shappy, its alleged principal and owner.  Ms. Shappy, however, was dismissed from the Underlying Action by the court.

13.     In the Underlying Action, Claimants allege that they are well-known professional models and that Cadillac Lounge, a gentleman's club, engaged in the unauthorized use of their images, photos, and likeness without their knowledge or consent to promote the club.  *See* Complaint, a true and correct copy of which is attached hereto as **Exhibit "B,"** ¶ 18-20.

14.     Claimants further allege that the Cadillac Lounge knowingly used, advertised, created, printed and distributed images of Claimants in order to create the false impression with potential clientele that Claimants either worked as strippers or that they endorsed the club.  *See* **Exh. B**, ¶¶ 49, 55.

15.     Claimants claim that the use of their images injured their careers and that Cadillac Lounge has taken the foregoing actions with the intent of causing irreparable harm to Plaintiffs. *See* **Exh. B**, ¶¶ 61, 69.

16.     The Underlying Lawsuit attaches the alleged publications as photograph exhibits that include the dates of each publication on Cadillac Lounge's social media accounts including Instagram and Facebook.  *See* **Exh. B,** Exhibits A-G.

17.     The only publication alleged to have occurred during FMIC's policy period of December 28, 2015 to December 28, 2016 is the publication of Lucy Pinder's photographs on November 23, 2016, and November 24, 2016.  *See* **Exh. B,** Exhibit F.

18.     However, Claimants also allege that Cadillac Lounge published substantively similar photos of Lucy Pinder prior to the inception of FMIC's policy period, on August 6, 2012, March 26, 2013, and on July 24, 2013.  *See* **Exh. B,** Exhibit F.

19.     In Counts I and II of the Underlying Action, Claimants allege violations of § 43 of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and 1125(a)(1)(B) for false advertising and false association.  *See* **Exh. B**., ¶¶ 70-88.  Claimants allege that Cadillac Lounge used their images to create the false impression with the public that Claimants were affiliated, connected, or associated with Cadillac Lounge to promote clientele.  *See* **Exh. B**., ¶¶ 74-75, 82-83.  They further allege that these advertisements were false and misleading because Claimants did not work at the Cadillac

Lounge, nor did they agree to appear in these advertisements, thereby deceiving consumers. *See* **Exh. B**., ¶¶ 85-88.

20.     In Counts III and IV of the Underlying Action, Claimants allege a violation of their statutory and common law right to privacy, claiming that Cadillac Lounge interfered with their right not to have their likeness appropriated for any purpose without their consent by using their images for commercial purposes without their consent and causing them damages by failing to compensate them. *See* **Exh. B**., ¶¶ 89-113.

21.     In Count V of the Underlying Action, Claimants allege that Cadillac Lounge breached Rhode Island Gen. Law § 9-1-28 (unauthorized use of name, portrait, or picture) by willfully publishing their photos to promote the Cadillac Lounge without their consent. *See* **Exh. B**., ¶¶ 114-126.

22.     In Count VI, Claimants allege that Cadillac Lounge's publication of their images without their consent constituted defamation. *See* **Exh. B**., ¶¶ 127-139.

23.     In Count VII, Claimants assert a count for negligence and respondeat superior because Cadillac Lounge maintained or should have maintained employee policies and procedures that govern the use of intellectual property, publicity rights, and the image and likeness of individuals for promotional purposes. *See* **Exh. B**., ¶ 141. They further allege that Cadillac Lounge owed a duty of care to Claimants to ensure that advertising and promotional materials did not infringe on their property and publicity rights and that Cadillac Lounge breached its duty of care by failing to adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, or images and likeness of individuals were not unauthorized, non-consensual, or false and deceptive. *See* **Exh. B**., ¶¶ 140-148.

24.     In Count VIII, Claimants allege that they were the exclusive owners of all rights, title and interest in their images and that Cadillac Lounge converted their property rights in these images for its financial gain.  *See* **Exh. B**., ¶¶ 149-152.

25.     In Count IX, Claimants allege that Cadillac Lounge published their images to promote the club and that the publication was for the purpose of creating a false impression to the public that Claimants worked at or endorsed Cadillac Lounge, resulting in Cadillac Lounge being unjustly enriched. *See* **Exh. B**., ¶¶ 153-160.

26.     In Count X (*quantum meruit*), Claimants allege that they are internationally known models who earn their living making appearances and via advertisements and publications and that Cadillac Lounge availed itself of the benefit of being associated with Claimants and making it appear as if Claimants were affiliated with the club, but failed to compensate Claimants for the use of their images.   *See* **Exh. B**., ¶¶ 161-165.

27.     As a result of Cadillac Lounge's alleged conduct, Claimants demand judgment in the Underlying Action, including actual damages, punitive damages, treble damages, and costs and attorney's fees.  *See* **Exh. B**., Prayer for Relief.

28.     Cadillac Lounge has tendered the Underlying Lawsuit to FMIC for defense and liability coverage under an insurance policy issued by FMIC to Cadillac Lounge.

29.     Plaintiff FMIC is currently providing a defense to Cadillac Lounge under a full reservation of rights.  A true and correct copy of the reservation of rights letter is attached hereto as **Exhibit "C."**

B.     <u>**The FMIC Insurance Policy**</u>

30.     FMIC issued a Commercial General Liability ("CGL") Policy to the Cadillac Lounge for policy period December 28, 2015 to December 28, 2016, under Policy Number MA-

CGL-0000060456-01 (the "FMIC Policy"), providing a Personal & Advertising Injury Limit of $1,000,000.  A true and correct copy of the FMIC Policy is attached hereto as **Exhibit "D."**

31.    FMIC also issued a second CGL Policy to the Cadillac Lounge for policy years December 28, 2016, through December 28, 2017, providing a Personal & Advertising Injury Limit of $1,000,000 ("Second FMIC Policy").  The Underlying Lawsuit does not allege that any of the publications occurred during the policy period of the Second FMIC Policy.

32.    The FMIC Policy's Insuring Agreement for Personal & Advertising Injury states in relevant part, as follows:

**SECTION I  - COVERAGES**

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured  becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.   However, we will have no duty to defend the insured against any "suit" seeking damages for "personal  and advertising injury" to which  this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

            **(1)** The amount we  will pay for damages is limited  as described in Section III -- Limits Of Insurance; and

            **(2)** Our right  and duty to defend ends when  we  have used up the applicable  limit  of insurance in  the payment of judgments or settlements under Coverages **A  or B**  or medical  expenses under Coverage **C.**

            No other  obligation or liability to pay sums or perform acts or services  is  covered  unless  explicitly  provided  for  under Supplementary Payments • Coverages **A or B.**

**b.**      This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.**      **Exclusions**

This insurance does not apply to:

**a.**      **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

**b.**      **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.**      **Material Published Prior to the Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

* * *

**i.**      **Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement." This exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

* * *

**k.**      **Electronic Chatrooms or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

* * *

### l.        Unauthorized Use of Another's Name or Product

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your email address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

* * *

33.    Section V- DEFINITIONS of the Policy contains the following relevant definitions:

**1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

a.        Notices that are published include material placed on the Internet or on similar electronic means of communication; and

b.        Regarding web-sites, only that part of a website that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

* * *

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**a.**  False arrest, detention or imprisonment;

**b.**  Malicious prosecution;

**c.**  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner landlord or lessor;

**d.**  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**  Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**  The use of another's adverting idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

34.    The FMIC Policy also contains the following exclusionary endorsement FMIC•GL•2088(02/2012), which modifies the insurance provisions:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART OWNERS AND CONTRACTORS PROTECTIVE COVERAGE PART LIQUOR LIABILITY COVERAGE PART**

This insurance does not apply to any claim for punitive or exemplary damages, fines or penalties imposed by law, restitution or any damages which are a multiple of, or in addition to, compensatory damages including related interest or costs weather or not such damages, related interest or costs are characterized as punitive or exemplary damages (hereinafter referred to as punitive or exemplary damages).  If a "suit" shall have been brought against the insured for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action;  however, the company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

\* \* \*

35.    The FMIC Policy also contains endorsement CG  00 68 05 09, which reads as follows:

**RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**B.**   Exclusion **p.** of Paragraph **2. Exclusions** of Section I - **Coverage B - Personal And Advertising Injury**

**Liability** is replaced by the following:

   **2. Exclusions**

   This insurance does not apply to:

   **p. Recording And Distribution Of Material Or Information   In Violation Of Law**

   "Personal and advertising injury" arising  directly or  indirectly  out  of any action  or omission that violates or is alleged to violate:

   **(1)**  The Telephone  Consumer  Protection  Act (TCPA),  including any amendment of or addition to such law;

   **(2)**  The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

   **(3)**  The Fair Credit Reporting Act (FCRA),  and any amendment of  or addition to  such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

   **(4)**       Any federal, state or local statute, ordinance  or regulation, other than the TCPA, CAN-SPAM  Act of 2003  or FCRA and their amendments and  additions,   that addresses, prohibits,  or limits  the printing, dissemination,  disposal,  collecting,  recording,  sending,  transmitting, communicating or distribution of material or information

\* \* \*

   36.   The FMIC Policy also contains Commercial General Liability Coverage Form CG

21  06  05  14 **EXCLUSION -- ACCESS  OR DISCLOSURE  OF  CONFIDENTIAL  OR**

**PERSONAL  INFORMATION AND DATE - RELATED  LIABILITY- WITH   LIMITED**

**BODILY INJURY EXCEPTION**, which states in pertinent part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\* \* \*

**B.**   The following is  added  to Paragraph   **2.   Exclusions of Section I - Coverage B  - Personal  and Advertising Injury Liability:**

**2.   Exclusions**

This insurance does not apply to:

**Access or Disclosure of Confidential Or Personal Information**

"Personal and advertising injury"  arising out of any access to or disclosure of  any  person's or  organization's  confidential  or  personal  information, including    patents,  trade  secrets,  processing  methods,  customer  lists, financial  information, credit card information, health information  or any other type of nonpublic  information.

This exclusion applies even if damages are claimed  for notification  costs, credit monitoring expenses, forensic expenses,  public relations expenses or any other loss, cost or expense incurred  by you or others arising out of any access to  or disclosure of  any  person's or  organization's  confidential or personal information.

<u>**COUNT I – DECLARATORY JUDGMENT**</u>
**(Insuring Agreement and Materials Published Prior to Policy Period Exclusion)**

37.    FMIC incorporates by reference as though fully set forth herein the allegations

contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

38.    FMIC has a duty to defend under Coverage B only if the "personal and advertising

injury" was caused by an offense that was committed during FMIC's policy period and the

"personal and advertising injury" is not excluded.  All of the alleged offenses in the Underlying

Action stem from the unauthorized publications of Claimants' photos.

39.     The only publication alleged to have occurred during FMIC's policy period of December 28, 2015 to December 28, 2016 is the publication of Lucy Pinder's photographs on November 23, 2016, and November 24, 2016.  *See* **Exh. B,** Exhibit F.

40.     However, according to the Underlying Complaint, Cadillac Lounge first published photographs of Lucy Pinder prior to the inception of the FMIC Policy, on August 6, 2012, March 26, 2013, and July 24, 2013.  *See* **Exh. B,** Exhibit F.

41.     The photographs of Lucy Pinder allegedly published prior to the inception of the FMIC Policy were substantively similar to the photographs allegedly published during the policy period of the FMIC Policy.

42.     The FMIC Policy contains a "Material Published Prior to the Policy Period" exclusion, which precludes coverage for "personal and advertising injury" arising out of written publication of material whose first publication took place before the beginning of the policy period. *See* **Exh. D**.  The "Material Published Prior to the Policy Period" exclusion applies to bar coverage for the only offense alleged to have occurred during the FMIC policy period.

43.     Accordingly, FMIC has no duty to defend Cadillac Lounge in the Underlying Action, and consequently has no duty to indemnify Cadillac Lounge for any judgment that may be entered against it.

44.     Alternatively, and in any event, FMIC is only obligated to pay those sums that Cadillac Lounge becomes legally obligated to pay as damages because of "personal and advertising" injury if the offense was committed during FMIC's policy period.

45.     All of the other alleged publications of Claimants' photographs were alleged to have occurred outside of the FMIC policy period.  *See* **Exh. B,** Exhibit F.

46.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" for publications of Claimants' photographs that occurred outside of the FMIC policy period.

## COUNT II – DECLARATORY JUDGMENT
### (Electronic Chatrooms or Bulletin Boards Exclusion)

47.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

48.     The FMIC Policy contains an "Electronic Chatrooms or Bulletin Boards" exclusion, which precludes coverage for "personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.  *See* **Exh. D**.

49.     According to the Underlying Complaint, all of the alleged offenses in the Underlying Action stem from Cadillac Lounge's unauthorized publications of Claimants' images and likenesses via electronic social media chatrooms and bulletin boards such as the Facebook, Twitter and Instagram pages controlled by Cadillac Lounge and/or its agents and employees.  *See* **Exh. B**., ¶¶ 46-51.  The "Electronic Chatrooms or Bulletin Boards" exclusion therefore applies to bar coverage.

50.     Accordingly, FMIC has no duty to defend Cadillac Lounge in the Underlying Action, and consequently has no duty to indemnify Cadillac Lounge for any judgment that may be entered against it.

## COUNT III – DECLARATORY JUDGMENT
### (Knowing Violation of Rights of Another Exclusion)

51.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

52.     The FMIC Policy contains a "Knowing Violation of Rights of Another" exclusion, which precludes coverage for damage or injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."  *See* **Exh. D**.

53.     According to the Underlying Complaint, Cadillac Lounge's conduct was willful, deliberate, and/or part of a scheme resulting in damage, and Cadillac Lounge knew or should have known that it had no right to use Claimants' images or likeness.  *See* **Exh. B**., ¶¶ 51, 56, 59, 69, 77, 86, 99, 113, 126, 134, 155.

54.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury was caused by or at the direction of Cadillac Lounge with knowledge that the act would violate Claimants' rights and would inflict "personal and advertising injury."

### COUNT IV – DECLARATORY JUDGMENT
### (Material Published With Knowledge of Falsity Exclusion)

55.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

56.     The FMIC Policy contains a "Material Published With Knowledge of Falsity" exclusion, which precludes coverage for "personal and advertising injury" arising out of any oral or written publication made by or at the direction of the insured with knowledge of its falsity.  *See* **Exh. D**.

57.     According to the Underlying Complaint, Cadillac Lounge knew or should have known that it had no right to use Claimants' images and likeness to promote its business, and that Cadillac Lounge's use of Claimants' photographs and likeness was willful and deliberate.  *See* **Exh. B**., ¶¶ 51, 56, 59, 69, 77, 86, 99, 113, 126, 134, 155.

58.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury arose out of Cadillac Lounge's publications of Claimants' photographs with knowledge of their falsity.

## COUNT V – DECLARATORY JUDGMENT
### (Infringement of Copyright, Patent, Trademark or Trade Secret Exclusion)

59.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

60.     The FMIC Policy contains an "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion, which precludes coverage for "personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.  *See* **Exh. D**.

61.     According to the Underlying Complaint, Claimants allege that Cadillac Lounge used their images to create the false impression with the public that Claimants were affiliated, connected, or associated with Cadillac Lounge to promote clientele.  *See* **Exh. B**., ¶¶ 74-75, 82-83.  Claimants further allege a violation of their statutory and common law right to privacy, and the unauthorized use of their photographs.  *See* **Exh. B**., ¶¶ 89-126.  They further allege that Cadillac Lounge failed to maintain employee policies and procedures that govern the use of intellectual property, publicity rights, and the image and likeness of individuals for promotional purposes.  *See* **Exh. B**., ¶ 141.  They further allege that Cadillac Lounge owed a duty of care to Claimants to ensure that advertising and promotional materials did not infringe on their property and publicity rights and that Cadillac Lounge breached its duty of care by failing to adhere to or implement policies and procedures to ensure that the use of intellectual property, publicity rights, or images and likeness of individuals were not unauthorized, non-consensual, or false and deceptive.  *See* **Exh. B**., ¶¶ 140-148.

62.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury arose out of Cadillac Lounge's infringement of copyright, patent, trademark, trade secret or other intellectual property rights of Claimants.

**COUNT VI – DECLARATORY JUDGMENT**
**(Recording and Distribution of Material in Violation of Law Exclusion)**

63.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

64.     The FMIC Policy contains a "Recording and Distribution of Material in Violation of Law" exclusion, by endorsement, which precludes coverage for "personal and advertising injury" arising out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

65.     Claimants allege that Cadillac Lounge breached § 43 of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and 1125(a)(1)(B) for false advertising and false association.  *See* **Exh. B**., ¶¶ 70-88.  Claimants further allege that Cadillac Lounge breached their statutory right to privacy (**Exh. B**., ¶¶ 89-113) and Rhode Island Gen. Law § 9-1-28 (unauthorized use of name, portrait, or picture) by willfully publishing their photos to promote the Cadillac Lounge without their consent. *See* **Exh. B**., ¶ 114-126.

66.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury arose out of any action or omission by Cadillac Lounge that violates any federal, state or local statute, ordinance or regulation, other

than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

## COUNT VII – DECLARATORY JUDGMENT
### (Unauthorized Use of Another's Name or Product Exclusion)

67.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

68.     The FMIC Policy contains an "Unauthorized Use of Another's Name or Product" exclusion, which precludes coverage for "personal and advertising injury" arising out of the unauthorized use of another's name or product in your email address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

69.     According to the Underlying Complaint, Cadillac Lounge used similar tactics to mislead potential customers by using, advertising, creating, printing and distributing images of Claimants in order to create the false impression with potential clientele that Claimants either worked as strippers or that they endorsed the club.  *See* **Exh. B**, ¶¶ 49, 55.

70.     Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury arose out of Cadillac Lounge's unauthorized use of Claimants' names and photographs to mislead potential customers.

## COUNT VIII – DECLARATORY JUDGMENT
### (Access or Disclosure of Confidential Or Personal Information Exclusion)

71.     FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

72.     The FMIC Policy contains an "Access or Disclosure of Confidential Or Personal Information" exclusion, by endorsement, which precludes coverage for "personal and advertising

injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information.

73.      According to the Underlying Complaint, Cadillac Lounge disclosed personal information relating to Claimants – their photographs - to promote the club.  *See* **Exh. B**, ¶¶ 61, 69.

74.      Accordingly, FMIC has no duty to indemnify Cadillac Lounge for damages because of "personal and advertising injury" to the extent such injury arose out of Cadillac Lounge's disclosure of Claimants' confidential or personal information.

<u>**COUNT IX – DECLARATORY JUDGMENT**</u>
**(Punitive or Exemplary Damages Exclusion)**

75.      FMIC incorporates by reference as though fully set forth herein the allegations contained in Paragraphs 1 through 36 of this Complaint for Declaratory Judgment.

76.      The FMIC Policy contains a "Punitive or Exemplary Damages" exclusion, by endorsement, which precludes coverage for punitive or exemplary damages, fines or penalties imposed by law, restitution or any damages which are a multiple of, or in addition to, compensatory damages including related interest or costs whether or not such damages, related interest or costs are characterized as punitive or exemplary damages.

77.      Claimants seek punitive and/or treble damages in the Underlying Complaint.  *See* **Exh. B.**, Prayer for Relief.

78.      Accordingly, FMIC has no duty to indemnify Cadillac Lounge for the "Punitive or Exemplary Damages" sought by Claimants.

WHEREFORE, FIRST MERCURY INSURANCE COMPANY respectfully requests that this Court:

a.   Take jurisdiction over this matter;

b.  Enter judgment declaring that FIRST MERCURY INSURANCE COMPANY has no obligation to defend or indemnify THE CADILLAC LOUNGE, LLC in connection with the Underlying Action because the Material  Published Prior to the Policy Period exclusion precludes coverage;

c.  Enter judgment declaring that FIRST MERCURY INSURANCE COMPANY has no obligation to defend or indemnify THE CADILLAC LOUNGE, LLC in connection with the Underlying Action because the Electronic Chatrooms or Bulletin Boards exclusion precludes coverage;

Alternatively and to the extent this Court finds FIRST MERCURY INSURANCE COMPANY has a duty to defend THE CADILLAC LOUNGE, LLC in connection with the Underlying Action:

d.  Enter judgment declaring that FIRST MERCURY INSURANCE COMPANY's duty to indemnify THE CADILLAC LOUNGE, LLC in connection with the Underlying Action is limited by the following exclusions:
    a.  Knowing Violation of Rights of Another,
    b.  Material Published With Knowledge of Falsity,
    c.  Infringement of Copyright, Patent, Trademark or Trade Secret,
    d.  Recording and Distribution of Material in Violation of Law,
    e.  Unauthorized Use of Another's Name or Product,
    f.  Access or Disclosure of Confidential Or Personal Information, and/or
    g.  Punitive or Exemplary Damages; and

e.  Award FIRST MERCURY INSURANCE COMPANY any other relief that this Court deems equitable and just.

DEFENDANT,
FIRST MERCURY INSURANCE COMPANY
BY ITS ATTORNEYS,


Date:      3/4/21              /s/ Scott M. Carroll
                              Scott M. Carroll, Esquire (#7624)
                              scarroll@boyleshaughnessy.com
                              Boyle | Shaughnessy Law PC
                              One Turks Head Place, Suite 1330
                              Providence, RI 02903
                              (401) 270-7676 Telephone
                              (401) 454-4005 Facsimile

## <u>CERTIFICATION</u>

I hereby certify that on the March 4, 2021, I filed the foregoing document filed through the ECF system which will send notice electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                            */s/ Scott M. Carroll*

                            Scott M. Carroll, Esquire (#7624)